UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION


| | |
|---|---|
| Lavanza C. Mack, # 189340, | )   **C/A No. 4:09-0275-TLW-TER** |
| | ) |
| | ) |
|                   Petitioner, | ) |
| | ) |
| vs. | )REPORT AND RECOMMENDATION |
| | ) |
| State of South Carolina; and | ) |
| Raymond Reed, Warden of Manning Correctional Institution, | ) |
| | ) |
| | ) |
|                   Respondents. | ) |

_____


      Petitioner, Lavanza C. Mack ("Petitioner/Mack"), appearing *pro se*, filed his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 4, 2009. Respondent filed a motion

for summary judgment on April 13, 2009, along with a return, supporting memorandum, and

exhibits. The undersigned issued an order filed April 14, 2009, pursuant to Roseboro v. Garrison,

528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and

the possible consequences if he failed to respond adequately. Petitioner did not file a response.

Therefore, a report and recommendation was entered on June 1, 2009, recommending that this action

be dismissed for failure to prosecute under Rule 41b of the Federal Rules of Civil Procedure.

---

[1] This habeas corpus case was automatically referred to the undersigned United States
Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02,
DSC.  Because this is a dispositive motion, this report and recommendation is entered for review
by the District Judge.

Petitioner filed objections to the report and recommendation. Based on the objections filed, the District Judge issued an Order remanding to the case to the undersigned for a supplemental report and recommendation.

## I.  PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been seriously disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein.

Petitioner is currently confined at Manning Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Calhoun County. Petitioner was indicted by the Calhoun County Grand Jury during the February 24, 2003, term of the Calhoun County Court of General Sessions for one count of Strong Arm Robbery/Common Law (2002-GS-09-0310) and one count of Assault and Battery of a High and Aggravated Nature (2002-GS-09-0309). Petitioner was represented by William T. Toal, Esquire. The State was represented by Jennifer Porter, Esquire, and Robbie Robbins, Esquire, Assistant Solicitors for the First Judicial Circuit. On November 17-19, 2003, Petitioner was tried by jury and convicted on both charges. The Honorable James C. Williams, Jr., Circuit Court Judge, sentenced Petitioner to fifteen years confinement for the strong arm robbery conviction, and seven years confinement for the assault and battery of a high and aggravated nature conviction, both to be served consecutively.

Petitioner timely filed a Notice of Appeal on November 20, 2003. On appeal, Petitioner was represented by Robert M. Pachak, Esquire, Assistant Appellate Defender with the South Carolina Office of Appellate Defense. Petitioner perfected his direct appeal with the filing of a Final Brief

of Appellant on November 8, 2004. (Tr. 401-11). In the Final Brief, Petitioner asserted two arguments as follows:

1.     Whether the trial court erred in refusing to grant defense counsel's motion to quash the indictment for assault and battery of a high and aggravated nature because it failed to specify an aggravating circumstance?

2.     Whether the trial court erred in failing to instruct the jury on any of the aggravating circumstances that constitute assault and battery of a high and aggravated nature.?

(Tr. 404-410).

Respondent filed a Final Brief of Respondent. (Tr. 414- 25). In an Unpublished Opinion filed March 18, 2005, the South Carolina Court of Appeals affirmed Petitioner's convictions. The Remittitur was sent on April 6, 2005.

Petitioner filed an Application for Post-Conviction Relief on July 11, 2005 (2005- CP-09-00106), alleging ineffective assistance of appellate counsel, ineffective assistance of trial counsel, and he was deprived of an impartial jury. (Tr. 426-38).Specifically, Petitioner alleged appellate counsel was ineffective because appellate counsel 1) failed to present the trial court's ruling for review on the issue of the warrant lack probable cause and the judge's refusal to suppress evidence seize during the unlawful confinement in the Detention Center; and 2) failed to advise Petitioner that he had a right to file a petition for rehearing and that the petition for rehearing had to be received by the South Carolina Court of Appeals before fifteen days. (Tr. 431-32). Petitioner alleged trial counsel was ineffective because he failed to conduct a[sic] identification reliability hearing before allowing an in-court identification at trial after being informed by Petitioner that the victim viewed Petitioner in the court room, when trial counsel and all the officers of the Court left him in the courtroom alone, that Petitioner was deprived of the protection guaranteed by the Due Process

Clause of the Fifth and Fourteenth Amendment against unfair identification procedures. (Tr. 433-34). Third, Petitioner asserted that he was deprived of an impartial jury guaranteed by the Sixth Amendment and ineffective assistance of counsel when jurors saw him in shackles while being escorted to the court room and counsel refused to allow the court to conduct voir dire of the jury or give a curative instruction. (App. 435-36). Respondent filed its Return on April 13, 2006. (Tr. 439-444).

On November 8, 2007, an evidentiary hearing was held before the Honorable Perry M. Buckner, Circuit Court Judge. (Tr. 445-86). Petitioner was present and was represented by Charlie J. Johnson, Jr., Esquire. Id. Respondent was represented by Assistant Attorney General Lance S. Boozer, Esquire. Id. By Order filed December 7, 2007, Judge Buckner denied and dismissed with prejudice Petitioner's Application for Post-Conviction Relief. (Tr. 487-92).

Counsel timely filed a Notice of Appeal on Petitioner's behalf on January 17, 2008. On appeal, Petitioner was represented by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. The appeal was perfected with the filing of a Johnson Petition for Writ of Certiorari on April 25, 2008. In the Johnson Petition, counsel asserted defense counsel was ineffective in failing to impeach Petitioner's girlfriend during his trial. Petitioner filed a pro se Brief of Petitioner. In the pro se Brief, Petitioner asserted that defense counsel was ineffective: (1) in failing to impeach Petitioner's girlfriend testimony; (2) forcing Petitioner to turn down a ten year plea deal during trial; (3) failing to investigate defective warrant and (4) misleading Petitioner as to winning issue on appeal in regard to indictment.

By Order dated December 3, 2008, the South Carolina Supreme Court denied Petitioner's Johnson Petition. After careful consideration of the entire record as required by Johnson v. State,

294 S.C. 310, 364 S.E.2d 201 (1988), the Supreme Court denied the petition and granted counsel's

request to withdraw. The Remittitur was sent on December 19, 2008.


## II. HABEAS ALLEGATIONS

Petitioner filed his petition on February 4, 2009, in which Petitioner raises the following

allegations, quoted verbatim:

Ground One:          4th Amendment violation - Illegal Arrest

Supporting Facts:    warrant (original arrest) was obtained with statement that
                     officers knew to be false. Trans. P. 22-24. A statement of any
                     sort was never presented at Preliminary Hearing. Steve West
                     (R.I.P.) Never found it.

Ground Two:          5th Amendment violation - Defective Indictment

Supporting Facts:    1.) Because the arrest warrant was obtained illegally, any
                     subsequent indictment is deemed defective (Fruit of the
                     Poisonous Tree.) 2.) Indictment never named aggravating
                     circumstances to satisfy charge of ABHAN.

Ground Three:        6th Amendment violation - Ineffective Assistance of Counsel

Supporting Facts:    1.) Counsel at Preliminary hearing failed to request for
                     suppression hearing on defective warrant. 2.) Appeal attorney
                     failed to raise issues I requested. There were a litany of trial
                     objections; failure to raise the issues of a defective
                     warrant/indictment on appeal was negligent.

Ground Four:         14th Amendment violations

Supporting Facts:    1.) Trial court erred by refusing to instruct the jury on Tyndall
                     list of aggravating circumstances 2.) During trial Petitioner
                     was seen by jury in shackles and handcuffs 3. In-Court
                     identification - Prior to trial, victim was led into courtroom
                     and allowed to view Petitioner at defense table. 4.)
                     Respondent used statements from unrelated crime during
                     trial; only thing redacted was name of another jurisdiction.

(Petition).

### III.  SUMMARY JUDGMENT

As stated above, on April 13, 2009, the Respondent filed a return and memorandum of law in support of the motion for summary judgment.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court

 assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e);  Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving

party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In Celotex, the Court held the defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the Ppetitioner had failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, " '[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is

different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

## V.  DISCUSSION AS TO PROCEDURAL BAR

### A.  Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas Petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a Petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### 1.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2)     An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)     A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a Petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68,221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal

and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). However, if Petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.


## 2.Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal

from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, supra, quoting Wainwright v. Syke s, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

### 3.  Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a Petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 118 S.Ct. 102 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

### 4. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a Petitioner demonstrates sufficient cause,

he must also show actual prejudice in order to excuse a default. <u>Murray v. Carrier</u>, 477 U.S. at 492. To show actual prejudice, the Petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. <u>United States v. Frady</u>, 456 U.S. 152 (1982).

In the case of <u>Kornahrens v. Evatt</u>, 66 F.3d 1350 (4th Cir. 1995), <u>cert. denied</u> 517 U.S.1171 (1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. <u>See</u> <u>Karsten v. Kaiser Foundation Health Plan</u>, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VI. ANALYSIS

The Respondent contends that the issues raised in this habeas petition are technically exhausted. However, Respondent assets that the issues are procedurally defaulted as they were not raised and ruled upon by the state's highest court. Petitioner did not file a response in opposition to the motion for summary judgment. In the objections he filed to the previous report and recommendation recommending a 41b dismissal, Petitioner only asserts that "Petitioner chose not to submit a brief or argument because he felt the issues raised in his petition were sufficient for adjudication. Any response filed would have only been an exercise in redundancy." (Doc. #19).

Therefore, Petitioner has not addressed Respondent's argument that the issues are procedurally barred from federal habeas corpus review.[2]

## Ground One

In Ground One, Petitioner asserts a Fourth Amendment claim based upon an allegedly illegal arrest. Respondent argues that this freestanding claim was not asserted at the trial level, was not raised on direct appeal, and is procedural barred from federal habeas corpus review.

First, this issue is procedurally barred from review as it was not raised at the trial level and/or on direct appeal. Coleman, supra. Even if this claim was not procedurally defaulted, it must be rejected. An alleged violation of the Fourth Amendment as a freestanding claim cannot constitute grounds for federal habeas relief. See Stone v. Powell, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) (concluding that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial"). While trial counsel's failure to litigate a Fourth Amendment claim is cognizable in a federal habeas corpus matter when raised as a claim of ineffective assistance of counsel, Petitioner has only presented it as a freestanding claim under Ground One. See Kimmelman v. Morrison, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Therefore, it is recommended that Ground One be dismissed.

---

[2] It is noted in Petitioner's habeas petition that he responded "no" to the question of whether or not all the grounds for relief he raised in the petition had been presented to the highest state court having jurisdiction. He further stated that "certain issues were procedurally barred. Other issues were raised in open court during PCR hearing. Change of testimony. Appellate Attorney chose not to raise them." (Petition, p. 12).

**Ground Two**

In Ground Two, Petitioner asserts a violation of his Fifth Amendment based upon defective indictments. Specifically, Petitioner alleges that the arrest warrant was defective so that the subsequent indictment was defective and that the indictment never named aggravating circumstances to satisfy the ABHAN charge. Respondent argues that these issues are procedurally barred from habeas review in that Petitioner did not assert this claim as a Fifth Amendment claim in state court. Second, Respondent argues that state indictments and state court subject matter jurisdiction issues are not cognizable in federal habeas review.

To avoid a procedural default, an issue must be presented directly and squarely to the South Carolina Supreme Court on certiorari review. See Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir.1999), *cert. denied*, 528 U.S. 959 (1999)["In order to avoid procedural default [of a claim], the 'substance' of [the] claim must have been 'fairly presented' in state court.... That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir.1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir.1994)).

In this case, the substance of the issues are different. In his direct appeal, Petitioner argued that the trial court erred in refusing to grant defense counsel's motion to quash the indictment for assault and battery of a high and aggravated nature because it failed to specify an aggravating circumstance. (Tr. 406-407). Second, Petitioner argued that the trial court erred in failing to instruct the jury on any of the aggravating circumstances that constitute assault and battery of a high and

aggravated nature. (Tr. 408-413). These issues were based on state law. In his habeas petition, Petitioner asserts a violation of his constitutional rights. Petitioner asserts in Ground Two a violation of his Fifth Amendment rights because of a defective indictment. There is no indication that this issue was ever presented to the trial judge as a Fifth Amendment violation. Therefore, the issue as presented now by Petitioner in this Petition would appear to be barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C.1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at * *1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C.1991)[postconviction relief]; and as there is no current state remedy for Petitioner to pursue this claim, it is fully exhausted for purposes of this Court's review. Coleman v. Thompson, 501 U.S. 722, 735, n. 1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir.1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the Petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court ... the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state ... or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court.], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at * *1

Since this issue was not raised as a Fifth Amendment violation at trial or on appeal, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual

innocence. <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th Cir.1989), *cert. denied*, 492 U.S. 936 (1989). In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, to the extent that this claim is based upon a Fifth Amendment violation, it is procedurally barred from consideration by this Court and should be dismissed. <u>Id</u>.; *see* 28 U.S.C. 2254; <u>Rodriguez v. Young</u>, 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; <u>Mazzell v. Evatt</u>, 88 F.3d 263, 269 (4th Cir.), *cert. denied*, 519 U.S. 1016 (1996) [In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); <u>Rodriguez</u>, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla.1995). Therefore it is recommended that this issue be dismissed.[3]

---

[3] Alternatively, as Petitioner is attempting to assert that the state court lacked subject matter jurisdiction based on a defective indictment, the claim would fail. The undersigned recommends that this issue be dismissed as this issue pertains to the state court's jurisdiction because claims arising from state law are not cognizable. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. <u>See</u> <u>Wright v. Angelone</u>, 151 F.3d 151, 156-158 (4th Cir.). Therefore, the undersigned recommends that this Ground Two be dismissed.

**<u>Ground Three</u>**

In Ground Three, Petitioner asserts a claim of ineffective assistance of counsel arguing counsel failed to request a suppression hearing on the alleged defective warrant at his preliminary hearing, and his appellate attorney failed to raise the issues he requested be raised.

Respondent argues that this issue is procedurally barred. Respondent asserts that Petitioner did not raise the first claim in Ground Three in his PCR application. Thus, it was not ruled on by the PCR court and could not have been raised properly to the South Carolina Supreme Court in the appellate review of the PCR Court's Order.

After a review of the record, this court finds this issue of ineffective assistance of counsel for failing to request a suppression hearing on the alleged defective warrant is barred from federal review because the issue was procedurally defaulted in state court under <u>Coleman v. Thompson</u>, 501 U.S. 722, (1991), as it was not raised in an application for PCR.

As to the procedural default, the Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, it is procedurally barred from consideration by this Court and should be dismissed. <u>Id</u>.; *see* 28 U.S.C. 2254; <u>Rodriguez v. Young</u>, 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal

Court."]; <u>Mazzell v. Evatt</u>, 88 F.3d 263, 269 (4th Cir.), *cert. denied*, 519 U.S. 1016 (1996) [In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); <u>Rodriguez</u>, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla.1995). Therefore, it is recommended that the Respondent's motion for summary judgment be granted with regards to this issue under Ground Three.

Also under Ground Three, Petitioner asserts his appellate counsel was ineffective for failing to "raise issues I requested. There were a litany of trial objections; failure to raise the issues of defective warrant/indictment on appeal was negligent." (Petition).

Respondent argues this issue is procedurally defaulted in that it was raised in the PCR application but not ruled upon by the PCR court. As it was not ruled upon by the PCR court, Respondent asserts that it is unavailable for further collateral review.

Even though this issue was raised in his PCR application, this issue is barred from federal review because the issue was procedurally defaulted in state court under <u>Coleman v. Thompson</u>, 501 U.S. 722, (1991), as it was not ruled upon by the PCR judge and the Petitioner did not obtain a ruling via a Rule 59(e) motion. Further, the Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a

result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, it is procedurally barred from consideration by this Court and should be dismissed. Id.; *see* 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), *cert. denied*, 519 U.S. 1016 (1996) [In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla.1995). Therefore, it is recommended that the Respondent's motion for summary judgment be granted with respect to Ground Three.

**Ground Four**

In Ground Four, Petitioner asserts four Fourteenth Amendment violations. First, Petitioner argues that the trial court erred by refusing to instruct the jury on the Tyndall list of aggravating circumstances. Respondent argues that this issue is procedurally defaulted because the South Carolina Court of Appeals dismissed this claim finding that it was not the argument made at trial and not preserved for appellate review.

The undersigned finds this issue is procedurally defaulted based on a review of the record.

On direct appeal, the South Carolina Court of Appeals dismissed this issue concluding as follows:

> Mack next argues the trial court erred in failing to instruct the jury on any of the aggravating circumstances that constitute ABHAN. It is true that the trial court did not charge the generally recognized examples of circumstances of aggravation. At trial, Mack objected to the relevant instruction on a different basis, arguing the court erred in "not requiring this jury to find the aggravating circumstance alleged in the indictment" and adding, "I object to not requiring them to do that, this is an open ended, they can find anything to be a circumstance of aggravation." Moreover, Mack's position at trial is at odds with the very thing he now argues on appeal–error in failing to charge the typical examples of circumstances of aggravation. Mack's trial counsel informed the trial court, "I also would have objected if you had given the whole laundry list [of circumstances of aggravation]." the precise issue argued in Mack's brief is therefore not preserved for appellate review. See State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and alternate ground on appeal").

(Petition).

The second issue raised under Ground Four is a Fourteenth Amendment violation because Petitioner was seen by the jury in shackles and handcuffs. Although this issue was raised at trial, it was not raised in the direct appeal. Therefore, it is recommended that this issue be dismissed as procedurally barred. This issue was not raised in Petitioner's direct appeal and, therefore, would be barred from federal habeas review.

The third issue raised under Ground Four is that the in court identification was improper. The fourth issue under Ground Four is that the State used statements from unrelated crimes against him. Respondent argues that these issues are procedurally barred as they were not raised on direct appeal.

Based on a review of the record, the undersigned finds that these issues were not raised on direct appeal and would therefore be procedurally defaulted from federal habeas review. Accordingly, it is recommended that these two issues under Ground Four be dismissed.

As the issues raised under Ground Four were not preserved for appellate review, they are procedurally barred from federal habeas review. In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Therefore it is recommended that Ground Four be dismissed.

## VII. CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (docket entry #11) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus should be denied, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 8, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**